1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                                    **DISTRICT OF NEVADA**

10

11    CHRISTOPHER WOOD,                    )
                                            )
12                Petitioner,               )          2:11-cv-01667-GMN-GWF
                                            )
13    vs.                                   )
                                            )          ORDER
14    STATE OF NEVADA, et al.,              )          —————
                                            )
15                Respondents.              )
      _____/

16

17            The petitioner has presented the Court with a Petition for Writ of Habeas Corpus pursuant

18    to 28 U.S.C. § 2254 and has paid the filing fee (ECF No. 3).

19            It appears to the Court that the petition may have been filed after the expiration of the one

20    year statute of limitation imposed under the AEDPA. 28 U.S.C.§ 2244(d)(1).  The one-year period

21    begins on the date that the judgment of conviction under attack "become final by the conclusion of direct

22    review of the expiration of the time for seeking such review." *Id.*  Thus, the one year period begins upon

23    completion of the direct appeal or ninety days thereafter, when the time for seeking review by the United

24    States Supreme Court expires.  In this instance, petitioner did not file a direct appeal.  Petition, item 2.

25    Thus, the one-year period commenced on August 30, 2009, thirty days after his judgment of conviction

26    was entered on July 29, 2009, as allowed under Nevada law.  *Id*.  The one-year period was stayed once

petitioner filed his state post conviction petition on July 22, 2010.  By that time, petitioner had used up 327 days of his 365, leaving him with thirty-eight days to bring his federal petition under 28 U.S.C. § 2254.

By February 15, 2011, the Nevada Supreme Court had decided the appeal of his post-conviction petition.   Petition, Item 4.  At that point he had until March 25, 2011, to file his federal petition.  However, petitioner did not file his federal petition until October 5, 2011. Thus, his petition appears to be untimely.  In these circumstances, the Court must dismiss the petition unless petitioner can demonstrate good cause for his delay which would entitled him to equitable tolling of the limitations period. See,  *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." )

Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en banc*))(emphasis in original).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

Petitioner shall be given thirty days to present argument showing that he is eligible for equitable tolling of the statute of limitations or that the Court has erred in its calculations.

**IT IS THEREFORE ORDERED** that the habeas corpus petition submitted in this case (ECF No. 1), shall be **FILED** and docketed by the Clerk.

**IT IS FURTHER ORDERED** that the Clerk shall **electronically** serve the petition for writ of habeas corpus on the respondents.  Respondents shall not answer or otherwise respond to the petition until further order of the Court.

/ / /

-2-

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days in which to file argument demonstrating that the petition is timely filed or that petitioner is entitled to equitable tolling of the statute of limitations.   Thereafter, respondents shall have fifteen (15) days to respond to petitioner's arguments.

Dated this 2nd day of December, 2011.

_____
Gloria M. Navarro
United States District Judge