UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER WOOD,                       )
                                        )
       Petitioner,                     )       2:11-cv-01667-GMN-GWF
                                        )
vs.                                     )
                                        )       ORDER
STATE OF NEVADA, et al.,                )
                                        )
       Respondents.                    )
_____/

        The petitioner has presented the Court with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and has paid the filing fee (ECF No. 3). Petitioner subsequently filed an application to proceed *in forma pauperis* (ECF No. 6). That motion will be denied as moot.

        <u>Discussion</u>

        Upon review of the petition, it appeared to the Court that it was filed after the expiration of the one year statute of limitation imposed under the AEDPA. 28 U.S.C.§ 2244(d)(1). The one-year period begins on the date that the judgment of conviction under attack "become final by the conclusion of direct review of the expiration of the time for seeking such review." *Id*. Thus, the one year period begins upon completion of the direct appeal or ninety days thereafter, when the time for seeking review by the United States Supreme Court expires. In this instance, petitioner did not file a direct appeal. Petition, item 2. Thus, the one-year period commenced on August 30, 2009, after expiration of the thirty days allowed for filing a notice of appeal. *Id*. The one-year period was stayed once petitioner filed his state post conviction petition on July 22, 2010. By that time, petitioner had used up 327 days of his 365,

1  leaving him with thirty-eight days to bring his federal petition under 28 U.S.C. § 2254.

2  By February 15, 2011, the Nevada Supreme Court had decided the appeal of his post-
3  conviction petition.  Petition, Item 4.  At that point he had until March 25, 2011, to file his federal
4  petition.  However, petitioner did not file his federal petition until October 5, 2011.

5  In these circumstances, the Court must dismiss the petition unless petitioner can
6  demonstrate good cause for his delay which would entitled him to equitable tolling of the limitations
7  period. See, *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) (quoting *Miles v. Prunty*, 187 F.3d 1104,
8  1107 (9th Cir. 1999) "[w]hen external forces, rather than a petitioner's lack of diligence, account for the
9  failure to file a timely claim, equitable tolling of the statute may be appropriate." ) Equitable tolling is
10 only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file
11 a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Calderon v.*
12 *United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other*
13 *grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en*
14 *banc*))(emphasis in original).  "Indeed, 'the threshold necessary to trigger equitable tolling [under
15 AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (*quoting United*
16 *States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

17 Petitioner's response to the Court's Order to Show Cause is a Motion for Clarification
18 (ECF No. 8), in which petitioner argues that the AEDPA does not apply or that because Nevada state
19 law allows him a full year to file his post-conviction petition in state court, his federal petition is timely.
20 Petitioner is mistaken.  Even though state law does allow a state prisoner a full year to bring his post-
21 conviction petition, *see* NRS 34.726, that does not nullify the one-year limitation period imposed by
22 federal law.  28 U.S.C. § 2244(d)(1) applies to state prisoners seeking federal habeas relief. Moreover,
23 petitioner offers nothing which suggests that there were "extraordinary circumstances" outside his
24 control which prevented him from filing his federal petition by March 25, 2011, when the one-year

-2-

period expired.[1]

## Certificate of Appealability

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet that standard. Accordingly, the Court will deny petitioner a certificate of appealability.

---

[1] 28 U.S.C. § 2244 reads in pertinent part:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

1 **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 6) is **denied as moot.**

**IT IS FURTHER ORDERED** that the Motion for Clarification (ECF No. 8) is **GRANTED** as discussed above.

**IT IS FURTHER ORDERED** habeas corpus petition is **DISMISSED AS UNTIMELY.** No Certificate of Appealability shall issue. The Clerk shall enter judgment accordingly.

Dated this 28th day of February, 2012.

_____
Gloria M. Navarro
United States District Judge