UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTOPHER WOOD, | ) | Case No.: 2:11-cv-01667-GMN-GWF |
| | ) | |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| STATE OF NEVADA, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This is before the Court on petitioner's Motion to Amend or Correct the Order dismissing the petition and a Motion for Appointment of Counsel. (ECF No. 11.) Respondents have filed a response to the motions. (ECF No. 14.)

**Motion for Appointment of Counsel**

The Sixth Amendment's right to counsel does not apply in federal habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require . . ."

Appointment is required where an evidentiary hearing must be held, but where one is not mandated the decision to appoint counsel is discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987). The purpose of § 3006A is to provide for appointed counsel whenever required if failure to do so amounts to a denial of due process. *Id.* Appointment of counsel is also authorized under 28 U.S.C. § 1915(a) and 28 U.S.C. § 2254, Rule 6(a) foll. and Rule 8(c) foll. Under those

provisions, appointment of counsel is required if an evidentiary hearing is held, *see* Rule 8(c) following 28 U.S.C. § 2254, or if necessary to permit petitioner to utilize discovery effectively, *see* Rule 6(a) following 28 U.S.C. S 2254. The court must appoint counsel where the complexities of the case are such that denial of counsel would amount to a denial of due process, *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980), and where the petitioner is a person of such limited education as to be incapable of presenting his claims in such a way that the court can afford him a fair hearing, *see Hawkins v. Bennet*, 423 F.2d 948 (8th Cir. 1970).

Here, it appears that counsel would be helpful to the Court and to the petitioner. Ms. Rasmussen represents herself as capable of litigating the issues presented in the petition, is a previous member of the CJA panel in this district, but is not currently on the panel here, that she is authorized to accept ad hoc appointments under the CJA provisions and she is willing to undertake the appointment upon this Court's order. The motion shall be granted and counsel is hereby appointed to represent petitioner in this matter.

**<u>Motion for Reconsideration</u>**

A court may relieve a party from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. *See* Fed.R.Civ.P. 60(b); *Backlund v. Barnhardt*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Petitioner's motion for reconsideration is based upon an error in the petition which impacted the Court's calculation of his one-year limitation period. From the face of the petition, it appeared to the Court that the petition was filed after the expiration of the one year statute of limitation imposed under the AEDPA. 28 U.S.C. § 2244(d)(1). Petitioner

was given an opportunity to show cause why the petition was not untimely.  However, his response was not helpful and did not address the Court's concerns. (*See* ECF No. 8.)  As a result, the petition was dismissed as untimely and judgment was entered closing the case. (ECF Nos. 9 and 10.)

Petitioner, through counsel, now moves the Court to reconsider the dismissal of his petition based upon clarification that petitioner, while appearing in pro se, erroneously answered the question on the habeas form asking for the date that his appeal on post-conviction was decided with the date that it was filed.  The appeal was actually decided on September 15, 2011, by which time petitioner had used up 327 of his 365 days.  The federal petition was handed to prison officials for mailing on October 5, 2011.  Using up an additional 20 days of his remaining 38.  Thus, it appears, and respondents seem to agree, that the petition was timely filed.  As a result, the motion for reconsideration shall be granted.

IT IS THEREFORE ORDERED that the Motion to Amend or Correct the Order (ECF No. 11) is GRANTED.  The Order dismissing the petition (ECF No. 9) and the resulting Judgment (ECF No. 10) are hereby VACATED.  The Clerk shall reopen the case.

IT IS FURTHER ORDERED that Lisa A. Rasmussen, is hereby APPOINTED to represent the petitioner herein.  Ms. Rasmussen, is a former Criminal Justice Act panel attorney for the United States District Court, District of Nevada, currently eligible to receive provisional appointments under the Act.  Ms. Rasmussen shall represent petitioner in all future proceedings in this court relating to this matter (including subsequent actions) and appeals therefrom, pursuant to 18. U.S.C. Section 3006A (a)(2)(B), until allowed to withdraw.

IT IS FURTHER ORDERED that counsel for petitioner shall meet with petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. Section 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of writ.

IT IS FURTHER ORDERED that counsel for petitioner and counsel for respondents shall within forty-five (45) days file a joint statement describing what portions of petitioner's state court record have been obtained and what portions are missing.  Counsel for respondents should make available to counsel for petitioner (photocopying costs at the latter's expense), as soon as reasonably possible, a copy of whatever portions of the state court record they possess regarding the judgment petitioner is challenging herein.

IT IS FURTHER ORDERED that counsel for petitioner shall file an amended petition for writ of habeas corpus within ninety (90) days, which shall include all known grounds for relief (both exhausted and unexhausted).  Respondent shall have thirty (30) days after the filing of the amended petitioner within which to answer, or otherwise respond to, the amended petition.

DATED this __4__ day of _____April_____, 2012.

_____
Gloria M. Navarro
United States District Judge