UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER WOOD, | Case No. 2:11-cv-01667-MMD-GWF |
| Petitioner, | ORDER |
| v. | |
| DWIGHT NEVEN, WARDEN, et al., | (Petitioner's Motion for Order to Show Cause  - dkt. no. 26) |
| Respondents. | |

This matter is before the Court on petitioner's Motion for Order to Show Cause ("OSC Motion") (dkt. no. 26), respondents' Objection Pursuant to LR IB 3-1 or Motion for Reconsideration ("Objection") (dkt. no. 29), which is construed as their opposition to the OSC Motion, and on petitioner's response to the opposition (dkt. no. 36).[1]

**I.    THE ARGUMENTS**

Petitioner seeks an order from the Court directing respondents to produce copies of the certified judgments of conviction used in the underlying criminal proceedings to support a habitual criminal adjudication.  Petitioner informs the Court that he sought production of the certified copies of criminal convictions from respondents and from the deputy district attorney who prosecuted the state criminal case, providing information that indicated the records were in the possession of the State, i.e., the prosecutor, but that individuals representing the State, including the Nevada Attorney General and the

---

[1] Without seeking leave of the Court, respondents filed a sur-reply (dkt. no. 37). This unauthorized brief will not be considered.

Clark County District Attorney, refused to cooperate in producing the documents. Without awaiting a response from the State, the Court issued its Order directing the State to produce the records, as it considered the need for their production to be obvious and the obligation for their production to lie with the respondents. Respondents object, suggesting that petitioner's attempts to obtain the records were inadequate, at least in part because counsel for petitioner did not "deign" to speak personally to counsel for respondents, but charged an assistant with making those efforts, and because it would require respondents "to do legwork that [petitioner] could easily do himself." Objection (dkt. no. 29) at 3. Respondents further suggest that petitioner should be required to contact the courts where the convictions were purportedly obtained to secure those documents or, alternatively, that the Court should direct its Order to Show Cause to the prosecutor in the case. *Id.* Respondents fail, however, to provide any legal support for their objection.

In response to the objections of respondent, petitioner contends that it is within the respondents' authority to direct the deputy district attorney to produce the documents, citing to NRS 228.120(2) and NRS 228.175(2) and (4). Petitioner also argues that the transcripts of proceedings that have been provided clearly suggest that the prosecutor must have retained possession of the judgments of conviction because he advised the court at the combined entry of plea and sentencing that he had them, but they were apparently never made part of the record. (dkt. no. 26, exhibit C at 4). Finally, petitioner argues that the record is unsettled as to which convictions were relied upon to support the habitual criminal adjudication, because there are multiple and inconsistent references to the convictions in the various transcripts and records. *See e.g.,* OSC Motion, at 3-4, *cf* OSC Motion exhibit B at 3: 11-14 and exhibit C at 11: 8-14; *see also* Response (dkt. no. 36), exhibit A. Petitioner also notes that it would be impractical to attempt to obtain the records from the Ohio courts due to the confusion as to the conviction dates and case numbers as well as the fact that Ohio has some 88 different courts of common pleas. Finally, and most important, the crux of the issue is

the sufficiency of the exact judgments of conviction offered to the Court to support the habitual criminal adjudication. Thus, it is those specific judgments of conviction that the petitioner must examine.

## II.     DISCUSSION

Petitioner is challenging the validity of the prior convictions used to adjudicate him as a habitual criminal. *See generally,* Petition (dkt. no. 5). In order to substantiate that challenge, he must obtain and review the specific documents the prosecution possessed and intended to rely upon. Because Nevada law requires certain conditions be met before the state court can adjudicate a defendant a habitual criminal, the failure to meet those conditions may provide grounds for habeas relief. NRS §§ 207.010, 207.012, 207.014; *see also Curry v. Slansky,* 637 F. Supp. 947, 952 (D. Nev. 1986). The significance of judgments of convictions to petitioner's habitual criminal adjudication and to the claims raised in the current petition is obvious. The Court thus considers their production imperative. Moreover, if the documents are not a part of the state court record, their absence appears to be equally significant to the question of petitioner's right to due process in his criminal proceedings and to the validity of his sentence.[2] *See* NRS 207.010; *see also Grey v. State,* 178 P.3d 154, 163-64 (Nev. 2008); *Hodges v. State*, 119 Nev. 479, 78 P.3d 67 (Nev. 2003).

It is the respondents' burden to provide the record upon which a petitioner has been convicted and incarcerated where the petitioner is unable to do so. Rule 5 of the Rules Governing Section 2254 Cases. This Court has the authority to direct respondents to produce such record. *Id.* subpart (c); *see also* 28 U.S.C. § 2254(f) ("If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the state court's determination of a factual issue made therein, .... [and] the applicant . . . is unable to produce such part of the record, then the State shall

---

[2]The Court makes no finding at this time as to the merits of any claim raised in the petition for writ of habeas corpus in this case or any claim that may be raised in the amended petition.

produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official.").

Moreover, respondent the Nevada Attorney General has legal access to the records ordered produced by this Court. Nevada law provides the Nevada Attorney General with authority to direct the Clark County District Attorney to produce copies of the exemplified or certified copies of the convictions used to enhance petitioner's sentence. NRS 228.120 provides in pertinent part:

> The Attorney General may:
> (2) Exercise supervisory powers over all district attorneys of the State in all matters pertaining to the duties of their offices, and from time to time require of them reports as to the condition of public business entrusted to their charge.

The Attorney General has authority to compel the Clark County District Attorney ("the DA") to provide records in a criminal proceeding prosecuted by the DA and such documents as may be in the DA's possession or otherwise available through reasonable effort. The Attorney General also has authority to require the DA to report in writing their efforts to locate and produce the required records, if such records prove to be unavailable.

The Court rejects respondents' suggestion that petitioner obtain those documents directly from the courts in which they purportedly occurred. Respondents, including the Nevada Attorney General, shall be required to produce the authenticated or certified judgments of conviction relied upon to support the habitual criminal adjudication or shall inform this Court in a sworn affidavit of an authorized representative of the DA's Office as to the fact of their absence from the state court records or from the records of the DA and the actions taken to locate them. Production of the documents from the "courts where those convictions were entered" will not suffice. The parties are put on notice that the absence of these documents from the records before this Court will effectuate the authority under 28 U.S.C. §2254(g) for the Court to "determine under the existing facts and circumstances what weight shall be given to the State court's factual determination."

### III. CONCLUSION

IT IS THEREFORE ORDERED that petitioner's Motion for Order to Show Cause (dkt. no. 26) is GRANTED.

IT IS FURTHER ORDERED that respondents' Objection and Motion for Reconsideration (dkt. no. 29) is DENIED.

IT IS FURTHER ORDERED that respondents shall, within twenty-five (25) days of entry of this Order, produce to petitioner from the state court records in criminal case number C254727 or from the records of the Clark County District Attorney's Office in that case the authenticated copies of the certified judgments of conviction used to support the habitual criminal enhancement to petitioner's sentence. Respondents shall file a Notice of Compliance indicating what documents have been produced to petitioner. If these documents cannot be located, respondents shall, within that same time period, file Notice with this Court of their inability to comply with this Order, including a sworn affidavit from an authorized representative of the Clark County District Attorney's Office attesting to his/her inability to locate and produce these records and describing the efforts taken in attempting to locate them. Respondents shall also provide any information they have regarding the records' whereabouts or contacts for obtaining the same.

IT IS FURTHER ORDERED that the deadline for filing of the Amended Petition shall be extended to twenty five (25) days after respondents' filing of the Notice of Compliance.

IT IS SO ORDERED.

DATED THIS 26th day of November 2012.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE